NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-194

DEVANTE ZENO

VERSUS

JPS CONTAINERS, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20125450
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED.**

Ian Alexander Macdonald
Jones Walker
Post Office Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
COUNSEL FOR DEFENDANT/APPELLEE:
    Progressive Security Ins. Co.
    JPS Containers, LLC

**Joslyn Renee Alex**
**Attorney at Law**
**Post Office Box 126**
**Breaux Bridge, LA 70517**
**(337) 332-1180**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Devante Zeno**

**PETERS, Judge.**

Defendants-Appellees, JPS Containers, L.L.C., and Progressive Security Insurance Company, move to dismiss this appeal. For the reasons given herein, we grant the motion and dismiss the appeal.

This case involves a personal injury lawsuit filed by Plaintiff, Devante Zeno, as a result of an automobile accident which occurred in Duson, Louisiana, on October 15, 2011. Because Plaintiff failed to appear for the taking of his deposition that was scheduled for June 12, 2013, Defendants filed a motion to have Plaintiff held in contempt of court and sanctioned. Following a hearing held on July 29, 2013, the trial court granted Defendants' motion for contempt of court, and dismissed Plaintiff's claims with prejudice. A judgment to that effect was signed on August 12, 2013. The notice of judgment was mailed on August 13, 2013.

Subsequently, Plaintiff filed a motion to set aside the August 12, 2013, judgment of dismissal. Plaintiff's motion to set aside judgment was fax-filed on September 11, 2013, and a hard copy of the motion was filed on September 16, 2013. In his motion to set aside judgment, Plaintiff states that on the day of the deposition, he did not have any transportation or any minutes available on his prepaid cellphone. Plaintiff also states that he was hospitalized on the day of the hearing on Defendants' motion for contempt of court for failure to attend the deposition. At a hearing held on November 12, 2013, the trial court orally denied Plaintiff's motion to set aside judgment. On November 20, 2013, the trial court signed a judgment denying Plaintiff's motion to set aside judgment. The notice of judgment was mailed on November 21, 2013.

On December 26, 2013, Plaintiff filed a motion to appeal the judgment denying his motion to set aside judgment. The order of appeal was signed on January 2, 2014. The appeal record was lodged in this court on February 13, 2014.

At this time, Defendants seek to have Plaintiff's appeal dismissed as untimely. Citing *Safeguard Storage Properties, L.L.C. v. Donahue Favret Contractors, Inc.*, 10-0673 (La.App. 4 Cir. 3/31/11), 60 So.3d 110, Defendants contend that after a final judgment is rendered, the only three means by which a party can have the substance of that judgment altered is by 1) filing a motion for new trial, 2) filing a motion for appeal, or 3) filing a petition or action for nullity. In the instant case, Defendants asserts that Plaintiff's motion to set aside the August 12, 2013, judgment of dismissal cannot be deemed a timely filed motion for new trial. In that regard, Defendants contend that while La.Code Civ.P. art. 1974 provides that a motion for new trial must be filed within 7 days of the mailing of the notice of judgment, Plaintiff's motion to set aside the judgment of dismissal was filed well beyond that 7-day time delay. Further, Defendants assert that Plaintiff had until October 22, 2013, to timely appeal the August 12, 2013, judgment of dismissal. Defendants maintain that Plaintiff failed to take a timely appeal from the judgment of dismissal, and they accuse Plaintiff of trying to impermissibly extend the appeal delays via his motion to set aside judgment.

In his motion for appeal, Plaintiff indicates that he is appealing a November 12, 2013 judgment. We note that on November 12, 2013, the trial court orally denied Plaintiff's motion to set aside judgment. To the extent that Plaintiff seeks to appeal the judgment denying his motion to set aside judgment, we find that the appeal should be dismissed for having been taken from a non-appealable, interlocutory judgment. Further, we find that an appeal of the judgment denying

Plaintiff's motion to set aside judgment cannot be converted to a writ application because Plaintiff's motion for appeal was filed too late to be considered a timely filed notice of intent to seek a supervisory writ pursuant to Uniform Rules—Courts of Appeal, Rule 4–3.

Also, to the extent that Plaintiff has filed this appeal in an effort to get this court to review the underlying judgment whereby the trial court dismissed Plaintiff's lawsuit against Defendants, we find that there is merit to Defendants' argument that the appeal is untimely. On August 12, 2013, the trial court signed the judgment dismissing Plaintiff's lawsuit due to Plaintiff's failure to attend his deposition, and the notice of judgment was mailed on August 13, 2013. We find that the judgment of August 12, 2013, was a final, appealable judgment. *See* La.Code Civ.P. art. 1841. Rather than filing a motion for new trial within the 7-day delay set forth in La.Code Civ.P. art. 1974, Plaintiff filed a motion to set aside the dismissal judgment twenty-eight days after the mailing of the notice of judgment of dismissal. Thus, the motion to set aside judgment was filed too late to be considered a timely filed motion for new trial. We find that the motion to set aside judgment did not serve to suspend the running of the delay for appealing the judgment of dismissal.

When no timely motion for new trial has been filed, La.Code Civ.P. art. 2087 provides that the 60-day delay for filing a devolutive appeal commences to run on the day after the expiration of the delay for filing a motion for new trial. Thus, the delay for filing a motion for a devolutive appeal expired on October 21, 2013, i.e., 60 days after the August 22, 2013, expiration of the delay for filing a motion for new trial. However, the record reflects that the motion for appeal was not filed into the trial court's record until December 26, 2013. Therefore, to the

extent that Plaintiff seeks to appeal the final judgment which dismissed Plaintiff's claims against Defendants, we find that the appeal should be dismissed as untimely.

Nonetheless, we note that the expiration of the appeal delays has no impact on any efforts on the part of Plaintiff to file an action to annul the judgment of dismissal. *See* La.Code Civ.P. art. 2005. Defendants maintain that a claim of nullity under La.Code Civ.P. art. 2002 is not available in this case because the trial court had subject matter jurisdiction over the case and because Defendants were properly served with process. However, we note that while La.Code Civ.P. art. 2002 lists the grounds for having a judgment declared an absolute nullity, that article does not provide the only grounds for challenging a judgment as null. Additional grounds for nullity of judgments are provided for in La.Code Civ.P. art. 2004, which permits a party to file a separate action seeking to have a final judgment declared a relative nullity for having been obtained by fraud or ill practices. According to the jurisprudence, a judgment may be nullified for fraud or ill practices "when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief" or "when the enforcement of the judgment would be unconscionable or inequitable." *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067, 1070 (La. 1983) (citations omitted). Furthermore, to the extent that Plaintiff seeks to have the August 12, 2013, judgment of dismissal annulled, we note that La.Code Civ.P. art. 2006 provides, in pertinent part, that "[a]n action to annul a judgment must be brought in the trial court . . . ."

For the foregoing reasons, we grant Defendants' motion to dismiss the appeal. The appeal is hereby dismissed at Plaintiff's cost.

**APPEAL DISMISSED.**

4

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.